# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM JOHNSTON,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1106** (BOR Appeal No. 2048134)
                 (Claim No. 2012005152)

**PUTNAM PUBLIC SERVICE DISTRICT,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William Johnston, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Putnam Public Service District, by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 26, 2013, in which the Board affirmed a January 24, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 19, 2012, decision which denied a request to add lumbar sprain/strain and lumbar disc herniation with myelopathy to the claim. In its Order, the Office of Judges also affirmed the claims administrator's July 19, 2012, decision which denied a request for additional physical therapy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Johnston, a waste water treatment operator, was injured in the course of his employment on August 10, 2011, when he was in a motor vehicle accident. Mr. Johnston was treated that day at Charleston Area Medical Center where he reported pain in his head, neck, and mid-back. He was diagnosed with neck and back strain. He returned to Charleston Area Medical Center on August 12, 2011, with severe pain in his mid-back. At that time, he specifically denied

1

pain in his lumbar spine. He was diagnosed with cervical and dorsal spine strains. The claim was held compensable for neck and thoracic sprains.

A September 28, 2011, lumbar MRI revealed degenerative changes. Marsha Bailey, M.D., Mr. Johnston's treating physician, stated in her October of 2011 treatment notes that Mr. Johnston did not believe physical therapy was helping and it was therefore discontinued. In November of 2011 she stated that the sprain should have healed by that point as it had been ten weeks since the compensable injury. She recommended he return to work. In a November 30, 2011, letter David Caraway, M.D., stated that Mr. Johnston's lumbar MRI only showed degenerative changes. He recommended lumbar epidural steroid injections and requested that lumbar radiculitis be added to the claim. However, in his December 7, 2011, treatment request, he requested that thoracic spine steroid injections be authorized.

On December 19, 2011, Rebecca Thaxton, M.D., performed a physician review in which she recommended that the addition of lumbar radiculitis be denied. Dr. Thaxton noted that Mr. Johnston originally reported neck and mid-back pain but specifically denied lower back pain. She noted that the lumbar MRI occurred due to the finding of a thoracic syringohydromyelia, which was unrelated to the compensable injury. She also noted that Dr. Caraway found degenerative changes on an MRI. She opined that degenerative changes are not causally connected to the claim. Therefore, the addition of the lower back to the claim would be outside of the guidelines found in West Virginia Code of State Rules § 85-20-37.2 (2006). Further, the treatment notes of Dr. Bailey; Dr. Caraway; and David Weinsweig, M.D., do not support the addition of lumbar radiculitis to the claim.

The StreetSelect Grievance Board determined on February 3, 2012, that lumbar radiculitis should not be added to the claim. It found that the compensable conditions in the claim are cervical and thoracic sprains. Mr. Johnston had no lumbar complaints for the first month and a half following his compensable injury. Further, Dr. Bailey stated that the lumbar spine condition is unrelated to the compensable injury. On July 13, 2012, the Board determined that lumbar sprain/strain and lumbar disc herniation with myelopathy should also not be added to the claim. It further recommended that the requested physical therapy not be authorized.

An independent medical evaluation was performed by Michael DeWitt, D.O., on February 17, 2012, in which he also determined that Mr. Johnston's lumbar spine condition is unrelated to his compensable injury. He found that a review of the medical records shows that Mr. Johnston did not report lower back pain in his initial emergency room visit or his follow-up visit two days later. In fact, he specifically denied lower back pain on August 12, 2011. In contrast, Mr. Johnston testified in a June 14, 2012, deposition that he reported lower back pain to his boss and the emergency room physicians on the day of his injury. Also, all of the physicians he has seen have treated him for his lower back. Lastly, he asserted that he never had back pain prior to the compensable injury, and he suffered no other injury that would cause his current lumbar spine condition.

The claims administrator denied Mr. Johnston's request to add lumbar sprain/strain and lumbar disc herniation with myelopathy to the claim on July 19, 2012. In a separate decision

dated July 19, 2012, the claims administrator also denied a request for additional physical therapy. The Office of Judges affirmed the decisions in its January 24, 2013, Order. It found that a preponderance of the evidence failed to show that the requested diagnoses were causally connected to the compensable injury. As noted by Dr. Thaxton, the lumbar degenerative changes were not the result of the compensable injury. The Office of Judges also noted that a previous December 4, 2012, Office of Judges Order denied a request to add lumbar radiculitis to the claim. Because the conditions are not compensable components of the claim, the Office of Judges also found that the additional physical therapy should not be authorized. It noted that Dr. Bailey stated in an October 6, 2011, treatment note that physical therapy was not providing lasting relief and it was therefore discontinued. Further, Dr. Holmes, who requested the treatment, stated that Mr. Johnston's cervical and thoracic complaints had fully resolved. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 26, 2013, decision.

On appeal, Mr. Johnston argues that Dr. Holmes is his treating physician and is therefore in the best position to determine his compensable conditions and required treatment. His opinion should therefore be afforded the greatest evidentiary weight. Putnam Public Service District asserts that the only evidence submitted in support of the requested diagnoses and medical treatment is Mr. Johnston's deposition testimony, a report by Dr. Holmes, and Dr. Holmes's treatment request. It argues that Dr. Holmes's reports do not directly support a causal connection between the lumbar spine conditions and the compensable injury. After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record fails to show that Mr. Johnston's lumbar spine conditions are causally connected to his compensable injury; therefore, the conditions of lumbar sprain/strain and lumbar disc herniation with myelopathy were properly denied. Since the conditions are not compensable components of the claim, the requested physical therapy to treat the conditions cannot be authorized.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II